UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE CITY DISTRICT

|  |  |
|---|---|
| **WACKO'S TOO, INC.**, a Florida, corporation doing business as "Wackos", et. al., <br><br> Plaintiffs, <br><br> vs. <br><br> **CITY OF JACKSONVILLE**, a Florida municipal corporation, <br><br> Defendant. | ) ) ) ) ) ) CASE NO.: 3:22-cv-798-TJC-MCR ) ) ) ) ) ) ) ) ) ) ) / |

# AGREED MOTION OF PLAINTIFFS TO STAY FILING AND BRIEFING OF ATTORNEY'S FEE MOTION PENDING RESOLUTION OF APPEAL

COME NOW the Plaintiffs, by and through their undersigned attorneys, and move this Court to stay the filing and briefing of their motion for attorneys' fees pending resolution of Plaintiffs' appeal of the Final Judgment entered in this cause and say:

1. This Court entered its Memorandum Opinion on February 27, 2023 (Doc. 32). Final Judgment was entered for Plaintiffs on many of their claims on February 27, 2023. (Doc. 33).

2. Plaintiffs maintain that, as prevailing parties, they are entitled to an award of their attorney's fees and costs pursuant to 42 U.S.C. §1988.

3. Pursuant to Rule 54(d), Fed.R.Civ.P. and Local Rule 7.01, M.D.Fla.Loc.R., Plaintiffs' fee motion is presently due on March 13, 2023.

4. On March 10, 2023, Plaintiffs appealed the Court's Final Judgment to the Eleventh Circuit Court of Appeals challenging several issues upon which they failed to prevail. (Doc. 34).

5. It is possible that the Defendants may elect to file a cross appeal seeking review of one or more of the issues upon which they failed to prevail.

6. The time and resources required to fully brief an attorney's fee motion are considerable.

7. Among the issues which must be addressed are the number of claims upon which the Plaintiffs prevailed, the significance of those issues and the time devoted to the successful claims as opposed to the unsuccessful ones.

8. If Plaintiffs prevail on one or more of their challenges on appeal, the number of issues upon which they are successful will necessarily change as will their entitlement to fees and the amount of those fees. The same is true with respect any cross appeal by the Defendants.

9. The parties wish to avoid a likely scenario where the appellate decision requires substantial revisions to the Plaintiffs' fee claims.

10. Granting this Motion will avoid that duplication of effort and will allow the Plaintiffs to file a single fee application with a single round of briefing after the case is fully concluded and all appeals have been exhausted.

11. **CERTIFICATION OF COUNSEL:** Undersigned counsel certifies that he has consulted with the Defendants' attorneys and is authorized to report that there is no opposition to the relief requested.

## MEMORANDUM OF LAW

While this Court retains jurisdiction to rule on collateral issues such as an award of attorney's fees, it also has the discretion to defer a ruling until an appeal is resolved:

> During an appeal, the district court retains jurisdiction to rule on issues collateral to the issues on appeal, including motions for attorney's fees and costs. *See* Fed. R. Civ. P. 54(d). Under Rule 54(d)(2)(B), the district court may control the timing and contents of a motion for attorney's fees. Moreover, as explained by the Advisory Committee Notes to Rule 54(d)(2): "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed.R.Civ.P. 54, Advisory Committee Notes (1993 Amendments).
>
> Thus, the court has the discretion to defer ruling on a motion for attorney's fees and costs pending an appeal. *See, e.g.*, Democratic Republic of the Congo v. Air Capital Group, LLC, 12-20607-CIV, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014) ("Here, in light of the pending appeal, the Court exercises its discretion to deny the instant [fees and costs] motions without prejudice and allow the parties to refile after the appeal has been resolved.") (Rosenbaum, J.).

> Courts have deferred ruling on fees and costs motions pending appeal in the interests of judicial economy. *See, e.g.*, Chavez v. Mercantil Commercebank, N.A., 10-CV-23244, 2012 WL 12861093, at *3 (S.D. Fla. Aug. 20, 2012) (denying fees and costs motions without prejudice because, "by deferring ruling, the Court conserves judicial resources").
>
> Permitting briefing and extensive motions for attorney's fees and costs here while the appeal is pending would start the extensive process of adjudicating attorney's fees and costs. There is nothing in the record that shows good cause for the Undersigned and the Court to decide the attorney's fees and costs issue when the entitlement and amount could change once the appeal is decided. *See* id.

Liberty Mut. Fire Ins. Co. v. State Farm Fla. Ins. Co., 2018 WL 9708621, at 1–2 (S.D. Fla. 2018).

Other Courts have followed this same common-sense approach as the outcome of an appeal "may indeed affect entitlement to, and the amount of, attorney's fees and costs.". Fin. Info. Techs., LLC v. Icontrol Sys., USA, LLC, 2020 WL 7074360 at *2 (M.D. Fla. 2020); *See, also*, Hunters Run Prop. Owners Ass'n, Inc. v. Centerline Real Est., LLC, 2020 WL 9160867 at *2 (S.D. Fla. 2020) ("I find that the interests of justice, including the just, speedy, and inexpensive resolution of this matter, are best served by waiting to resolve issues of attorney's fees and costs until after an appellate decision is issued."); TB Food USA, LLC v. Am. Mariculture, Inc., 2022 WL 17360961 at *1 (M.D. Fla. Dec. 1, 2022) ("The Court will grant a stay of the resolution of the pending motions for determination

of entitlement to attorney's fees and costs until completion of the appellate process.").

Good cause has been shown for entry of relief on this unopposed Motion.

*Respectfully submitted,*

BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.

  /s/  Gary S. Edinger

| | |
|---|---|
| JAMES S. BENJAMIN, Esquire<br>Florida Bar No.: 293245<br>DANIEL R. AARONSON, Esquire<br>Florida Bar No.: 314579<br>1700 East Las Olas Blvd., Suite 202<br>Ft. Lauderdale, Florida 33301<br>(954) 779-1700 (Fax) (954) 779-1771<br>sexlaw@bellsouth.net<br>danaaron@bellsouth.net | GARY S. EDINGER, Esquire<br>Florida Bar No. 0606812<br>305 N.E. 1st Street<br>Gainesville, Florida 32601<br>(352) 338-4440  (Fax) (352) 337-0696<br>GSEdinger12@gmail.com |

*Attorneys for Plaintiffs*

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been forwarded to JASON R. TEAL, Esquire [jteal@coj.net], CRAIG D. FEISER, Esquire [cfeiser@coj.net]; MARY MARGARET GIANNINI, Esquire [MGiannini@coj.net]; and to GABRIELLA YOUNG, Esquire [GCYoung@coj.net], 117 West Duval Street, Suite 480, Jacksonville, Florida 32202, via the CM/ECF System this 10th day of March, 2023.

BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.

　/s/　Gary S. Edinger
GARY S. EDINGER, Esquire
Florida Bar No. 0606812